IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 14 C 8246 |
| | ) (Crim. Case No. 01 CR 1115-2) |
| JUAN DURAN, | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

Juan Duran ("Duran") has filed a pro se 28 U.S.C. § 2255 ("Section 2255") motion to vacate and set aside the conviction on which he is currently serving a 300-month sentence following his plea of guilty to a charged conspiracy to possess a controlled substance (PCP) with the intent to distribute it. Duran charges his trial counsel with constitutionally ineffective assistance because of counsel's failure to move for dismissal of the charges pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161 to 3174. But in fact the delay at issue in Duran's case poses instead the prospect of a violation of the Sixth Amendment's guaranty of the right to a speedy trial (see Doggett v. United States, 505 U.S. 647, 651-54 (1992)) rather than the statutory provision cited by Duran,[1] and this Court will consider the matter under that rubric.

Duran begins his motion with an analysis of its timeliness under Section 2255(f). On that score he properly cites to that statute and to the decision in Clay v. United States, 537 U.S. 522, 524-25 (2003), which for limitations purposes adds to the date of dismissal of a criminal defendant's appeal the 90-day period allowed for seeking certiorari -- though he makes a minor

---

[1] Duran's Section 2255 motion does cite Doggett among other cases.

error in the latter calculation, for 90 days beyond the July 25, 2013 dismissal of his appeal by our Court of Appeals extended the clock to October 23 rather than October 25, 2013. But no matter -- the motion was filed on October 20 of this year, so it was within the one-year statutory period even without the need to see whether Duran's having signed the motion on October 16, 2014 might signal the addition of a few extra days under the "mailbox rule" (see <u>Houston v. Lack</u>, 487 U.S. 266 (1988)).

That then has brought into play the need for this Court's preliminary review under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules"). That preliminary review discloses the need for an answer by the government pursuant to Section 2255 Rule 5, and this Court so orders. That answer must be filed, with copies transmitted to Duran and to this Court's chambers, on or before December 8, 2014.

												_____
												Milton I. Shadur
												Senior United States District Judge

Date: October 23, 2014