# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14 C 8246 |
| | ) | (Crim. Case No. 01 CR 1115-2) |
| **JUAN DURAN**, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Juan Duran ("Duran"), who is serving a 300-month sentence following his guilty plea to a charge of conspiracy to possess a controlled substance (PCP) with the intent to distribute it, has filed a pro se 28 U.S.C. § 2255 ("Section 2255") motion to vacate and set aside his conviction. Although Duran grounds that attempt on an assertion that he was the victim of constitutionally ineffective assistance of his trial counsel because of the latter's failure to move for dismissal of the charges against him pursuant to the Speedy Trial Act (18 U.S.C. §§ 3161 to 3174), Doggett v. United States, 505 U.S. 647, 651-54 (1992) teaches that Duran's contention should instead be considered in terms of the Sixth Amendment's guaranty of the right to a speedy trial rather than those statutory provisions. After reviewing Duran's Section 2255 motion from that constitutional perspective, this Court issued a brief October 23, 2014 memorandum order that confirmed the timeliness of that motion and concluded by directing the government to file its answer to the motion on or before December 8. That response is now in hand, and it confirms the propriety of a swift rejection of Duran's motion.

Although this Court has no desire to be flippant when (as is always the case with a Section 2255 motion) liberty is at stake, here Duran's motion presents a scenario that is much like the old saw about the criminal defendant who, having murdered both his parents, pleads for mercy because he is an orphan. Even though the underlying criminal charges against Duran were initiated long ago by a December 2001 complaint that targeted him and 13 co-defendants, after which those co-defendants (including Duran's girlfriend, Dionne Garcia ("Garcia") were arrested, Duran himself was not taken into custody. Meanwhile Garcia was released pending trial. Then on May 3, 2002 the entire group of defendants, including Duran and Garcia, were indicted -- and just under four months later the government filed an emergency motion for an arrest warrant as to Garcia, a motion that was granted because she could not be located.

Fast forward to October 6, 2010, when both Duran and Garcia (who had thus been among the missing for more than eight years) were arrested in Tijuana, Mexico, at which point this Court remanded both of them to custody when they were returned to this district. Then on April 11, 2012 Duran entered a plea of guilty to Count One of the indictment pursuant to a written plea agreement, in which he acknowledged that he had fled this district to avoid prosecution (and he also conceded that an obstruction-of-justice enhancement was appropriate because of his willful failure to appear and his flight from the jurisdiction).

After this Court then imposed the earlier-referred-to 300-month sentence based on Duran's guilty plea, he took an appeal. Appellate counsel filed an Anders v. Calfornia brief, and our Court of Appeals dismissed the appeal (United States v. Duran, 523 Fed. App'x 389 (7th Cir. 2013)).

To turn now to Duran's Section 2255 motion, he must of course make the dual showing required by <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984). But on that score, Duran's present contention that after he fled the United States the government "did not pursue him with reasonable diligence," thus providing him with a viable speedy trial claim that his counsel failed to raise, borders on the frivolous -- or perhaps more accurately, crosses that border into the realm of frivolousness. Earlier this year our Court of Appeals dealt with just such a contention when it held (<u>In re Kashamu</u>, 769 F.3d 490, 493, 494 (7th Cir. 2014) (citations omitted)):

> When a suspected criminal flees from imminent prosecution, becoming a fugitive before he is indicted, the statute of limitations on prosecuting him is suspended. Similarly, when a defendant flees the country to escape justice, the inference is that he didn't want a speedy trial -- he wanted no trial. And if he doesn't want a speedy trial, he can't complain that the judiciary didn't give him one.
>
> \*       \*       \*
>
> Some cases have suggested that the government has a duty to seek extradition of a fugitive, if feasible, if it wants to insulate its prosecution of the fugitive (should he ever show up) from a speedy-trial defense. What is true is that the government has to make sure that the fugitive is aware that he's been indicted or otherwise charged in the United States. But really that's all that should be true. Once he's warned, it's his choice whether to face the judicial music in the United States or forego any speedy-trial right based on the time he spends out of the reach of our court system.

Simply put, the prejudice prong of the <u>Strickland</u> dichotomy cannot be satisfied here because Duran's deliberate flight to avoid prosecution torpedoes any claim of his counsel's purported delinquency in having failed to raise a hopeless speedy trial argument. Duran's motion is denied, and this action is dismissed with prejudice.

                                                                               /s/ Milton I. Shadur
                                                                               Milton I. Shadur
Date: December 9, 2014                    Senior United States District Judge